IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA

HORACE BUSH #138454                    )

    PETITIONER,                    )

                         )

V.                                    )          CIVIL ACTION NO. 2:06CV428
                                                   MHT

WARDEN LEON FORNISS,et.,al.,          )

    RESPONDANTS.                    )


RE: HORACE BUSH V. WARDEN LEON FORNISS,et.,al.,

---

PETITIONER'S BRIEF AND ARGUMENT IN SUPPORT OF HIS

HABEAS CORPUS

---


RESPONDANTS
WARDEN LEON FORNISS,et.,al.,
OFFICE OF THE ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130-0152

                            HORACE BUSH #138454
                            STATON CORR. FACILITY
                                P.O. BOX 56,
                                ELMORE, ALABAMA
                                  36025

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................1

TABLE OF AUTHORITIES..............................................1A

STATEMENT OF THE CASE............................................. 2

STATEMENT OF THE FACTS............................................3

ISSUES PRESENTED FOR REVIEW....................................4-9

**WHETHER ALABAMA RETAINS SUBJECT MATTER AND PERSONAL JURISDICTION TO VIOLATE BUSH'S PAROLE,THUS, DETAIN HIM.**

II.

**WHETHER BUSH'S DUE PROCESS RIGHTS WERE VIOLATED.**

III.

**WHETHER BUSH IS BEING ILLEGALLY DETAINED BY THE STATE OF ALABAMA**

CONCLUSIONS.....................................................10

CERTIFICATE OF SERVICE.........................................END.

## TABLE OF AUTHORITIES

MORRISSEY V. STATE, 408 U.S. 471, 482, 498 (1972)

### OTHER AUTHORITIES

§15-9-20, CODE OF ALABAMA

§15-9-32, CODE OF ALABAMA

§15-9-33, CODE OF ALABAMA

§15-9-35, CODE OF ALABAMA

§15-9-38, CODE OF ALABAMA

§15-9-40, CODE OF ALABAMA

FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

§2254, GOVERNING HABEAS CORPUS PROCEEDINGS BY STATE PRISONERS

(1)(A)

## STATEMENT OF THE CASE

The petitioner, Horace bush, is currently incarcerated in the Alabama Department Of Corrections (D.O.C.) who is in agreement with the State Of Ohio and had been prior to the alleged technical violations in which Bush's parole violation rests. Bush was arrested on a State wide warrant issued by the Staate of Ohio, wherein The State Of Ohio arrested Bush placing him in the Franklin County Jail for dis positioning of said technical violations.

However, after Bush's arrest, The State Of Ohio allowed the petitioner to be transferred to The State Of Alabama under the presumptions that The State Of Alabama was the party State who issued the State warrant for Bush's arrest.

(2)

## STATEMENT OF THE FACTS

On or about the 23rd day of May, 1984, Bush was convicted and sentenced to a term of thirty(30) years with the Alabama Department Of Corrections. This sentence was ran concurrently with the State Of Ohio in case/warrant#176929.

Bush had obtained the benefits of parole on both sentences imposed by the State Of Ohio and the State Of Alabama, wherein, he paroled under the supervision of The Ohio Parole Authorities.

Bush allegedly committed technicalities, in which, was said to violate conditions of his parole in Ohio. Although Bush was arrested by the State of Ohio for such violations committed within Ohio's exclusive jurisdiction, Alabama, for some reasons unknown to this writer, had the defendant expedited to the State of Alabama.

Without any proceedings to determine whether Bush had actually vio lated his parole conditions, (in Ohio or Alabama) The State Of Alabama violated the defendant based on recommendations submitted by Ohio parole officials. Horace Bush now remains in The Alabama Department Of Corrections under false pretenses regarding the revocation of his out-of-State Parole. Thus, the outstanding State Wide Warrant still remains imminent and impending by the State Of Ohio for the alleged technical violations in which Bush is currently being sanctioned.

## NOW THIS HABEAS PETITION

(3)

(I)

**WHETHER ALABAMA RETAINS SUBJECT MATTER AND PERSONAL JURISDICTION TO VIOLATE BUSH'S PAROLE, THUS, DETAIN HIM.**

In this particular case Bush contends that he is being detained by the State of Alabama unlawfully. Further, Bush would show unto this Honorable Court that The State Of Alabama does not merely retains exclusive jurisdiction over the matter of subject, nor of any subject which would restore jurisdiction to this State.

On or about the 29th day of July, 2002, Horace Bush AKA as Jessie Williams paroled from the State of Alabama, wherein, Alabama ran Bush's parole with Bush's parole in the State of Ohio, in which, was granted on or about the 4th day of September, 2001.

Allegedly, reliable information reached the Adult Parole Authority that such offender had violated the conditions of such release and had lapsed or about to lapse into criminal ways or company, and hereby declare to be release violator. (see State Warrant)

**Thereby**, the Adult Parole Authority, by sections 2941.46, 2967.15, 2967.28, 5149.17 of the revised code, **hereby**, authorized and requested that any /all authorized officers arrest, detain and hold the said Horace Bush AKA Jessie Williams at any suitable institututution to be held subject to further action of the Adult Parole Authority and for so doing, said warrant would be sufficient.

This warrant was issued on or about the 7th day of December, 2005.

(4)

**However**, Bush was arrested in the State of Ohio and placed in the Franklin County Jail on the warrant issued by the Adult Parole Authority.

Bush was arrested on or about the 2nd day of January, 2005, and, for some reason unknown to this writer, returned to Alabama on or about the 31st day of January, 2005, thus, Alabama then revoked his parole on or about the 31st day of May, 2005.

It is the petitioner's contentions that Alabama had no probable cause to violate his parole for alleged violations which occurred in the State of Ohio and outside Alabama jurisdiction. **Further,** Bush contends that the State of Ohio remains the State whom retains personal and subject matter jurisdiction but fails to take actions regarding the matters herein discussed, thus, initiated such actions. As it stands, Bush is being unlawfully detained by the State of Alabama on accusations which were inconclusive and are direct violations of Bush's right of **due process** in that there has been no revocation hearing to substantiate any of the allegations prospered against the accused.

**Albeit.** Alabama has merely arrested, detained and violated Bush's parole on false accusations which were all initiated by the State Ohio whom has failed to take any further actions in the matter.

(5)

II.

## WHETHER BUSH'S DUE PROCESS RIGHTS WERE VIOLATED

Although federal parole revocation is statutorily based, in **Morrissey v. Brewer** the Supreme Court held that minimal due process protection applies to parole revocation proceedings for federal and State prisoners. **408 u.s. 471, 482 (1972).** The Court found that the parolee's interest in continued liberty is significant enough to require some procedural protection, and the nature of the int- erest is within the scope of liberty protected by the Fourteenth Amendment. **408 u.s. at 481-82.**

In the instant case, Bush was accussed by The Adult Parole Authority, in the State of Ohio, of violating specific conditions of his super- vised parole. Specifically, Bush allegedly changed residences w/o permission; violated traffic laws(improper taillights); failed to register vehicle; and, failed to report/make truthful report;

As a result of the accusations by such authority(ies), Bush was arrested on a Statewarrant issued in this cause on/about the 7th day of December, 2005 and subsequently placed in  the Franklin County jail to await further actions by Adult Parole Authority.

However, Bush was extradited from Ohio to Alabama as a result of the State warrant issued for his arrest, in which, triggered the Alabama authority(ies), along with any other jurisdiction  having the authoritative capacity, to arrest,detain and house the parolee (Horace Bush) until further action of the Adult Parole Authority.

The petitioner places this court on judicial notice that Horace Bush paroled from the State of Alabama to the State of Ohio, in which, his Alabama parole was ran concurrently with the State of Ohio.

(6)

First the petitioner contends that the State of Ohio retains "exclusive" jurisdiction over the matters previously discussed which caused his <u>parole to be revoked</u>.

It is evidence that the [accusations] advanced by the Adult Parole Authorities were the direct and proximate cause as to why Alabama reacted, thus, terminated Bush's parole based on accusations contained in the State warrant along with the parole officer's report.

It is equally evidence that Bush was deprived of his right to have a preliminary hearing to determine if probable cause exist to believe that parolee violated parole conditions in accordance with the rulings announced in the prima facia case.

In **Morrissey** this court held that due process requires that with respect to a parole revocatio preliminary hearing the hearing officer make a summary or digest of what transpires at the hearing in terms of the parolee's responses and the substance of the documents or evidence given in support of parole revocation and of the parolee's position ; based on the information before him, the officer must determine whether there is probable cause to hold the parolee for the parole board's final decision on revocation, and must state the reasons for his determination and indicate the evidence he has relied on, without making formal findings of fact or conclusions of law. 408 u.s. id. at 498.

In the instant case Bush was denied the right to have a preliminary hearing to present a defense regarding the accusations alleged by the Adult Parole Authority. Nor was Bush afforded the oppurtunity to confront his accuser regarding the allegations contained in the warrant for which he was arrested.

(7)

The petitioner further contends that the actions of Alabama authorities, extraditing the defendant from the State of Ohio, thereby, makes him a fugitive from justice for offenses committed within the territorial jurisdiction of the State of Ohio.

It is apparent that the State of Ohio is attempting to relinguish subject matter jurisdiction in regards of the alleged violations committed by the petitioner within their jurisdiction and allowed the State of Alabama to have the petitioner extradited without the required proof of his extradition, in accordance to §15-9-33,code of Alabama, 1940.

§15-9-33 states that [A] warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding State at the time of the commission of the alleged crime and that he thereafter fled from that State and is now in this State, and that he is lawfully charged by indictment, or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in the State, or that he has been convicted of crime in that State and has escaped from confinement or[broken his parole](**Acts 1931, No. 482, p.559; code 1940, T. 15, § 52.**)

In the petitioner's case, Horace Bush had no outstanding warrants or other ties with the State of Alabama. The petitioner's parole in Alabama was ran concurrent with his Ohio parole after being granted permission to parole "out-of-State". The granting of such out-of-State parole, non-the-less,was an act of religuishment by the State of Alabama of petitioner Horace Bush to the State of Ohio.

**Thereby,** the petitioner, Horace Bush, should have been subjected to the laws of the reieving State of Ohio, thus, parole.

It is equally evidenced in this particular case that Horace Bush was or had been a resident of Ohio prior to his involvments in Alabama and plans to return upon his release from Alabama D.O.C. wherein his wife and young grandchildren currently remains.

It is the petitioner's contentions that he should have never been allowed to leave the State of Ohio after allegedly violating his parole, especially, when [those] violations occurred within the jurisdiction of the State of Ohio "exclusively". **Therefore,** any alleged violations that may have occurred,andwhich, would or may cause the petitioner's parole to be terminated, should have been dealt with in accordance to Ohio State laws and or ordinances.

The Statute, in which governs Compact Agreements, would postulate this premise.

> §15-22-1 clearly states that....(in pertenent part)"Each recieving State will assume the duties of visitation of and supervision over probationers or parolees of any sending State and in the excercise of those duties will be governed by the same standards that prevail for it's own probationers or parolees.

However, the State of Ohio simply rendered irrelevant [those] alleged violations, in which, occured within their jurisdiction. Thus, because The Adult Parole Authority has failed in it's duties previously stated, this failure is clearly in derogation of Bush's significant constitutional rights and are so egregious as to warr ant such proceedings manifestly unjust, in accordance with Bush's Fourteenth Amendment of the United States Constitution.

(8)

## III.

## WHETHER BUSH IS BEING ILLEGALLY DETAINED BY THE STATE
## OF ALABAMA

In the instant case Horace Bush is currently incarcerated in an Alabama prison for allegedly committing technical parole violations in the State of Ohio. The violations committed are within the exclusive jurisdiction of another State (Ohio) wherein, Alabama has taken the liberty to exceed their jurisdiction and take actions which resulted in terminating Bush's parole in Alabama.

Bush had not committed any ..i.e., technical violations... in the State of Alabama, in which, would trigger the commencement of any proceedings therein.

However, the only prayer the State of Alabama can rely on, if any, is the possibility that Bush may be guilty of [those] violations committed within the jurisdiction of Ohio, otherwise, Bush would be illegally detained by Alabama prison officials. As it stands Alabama parole authorities does not provide any reasons for revocation in this matter, thus, restrains the petitioner of his liberty.

Even if this court assumes that Alabama officials have probable cause to detain, hold and incarcerate the petitioner, then this court must take judicial notice that the crime(s) or Technical P/V occurred within the exclusive jurisdiction of the State of Ohio, in which, Alabama officials have no jurisdiction to prosecute.

**Further,** there are no indictments, informations or complaints filed by the State of Alabama which would justify for Bush's detention.

(9)

## CONCLUSIONS

Horace Bush is a petitioner currently incarcerated in the Alabama Department of Corrections for allegedly violating his parole in the State of Ohio. Alabama arrested and detained the petitioner on a State warrant issued the State of Ohio but has failed to re-trieve the fugitive, Horace Bush, for proper dispositioning of the matters contained in the warrant issued December 7, 2005.

The State warrant mentioned is currently pending against the affiant (detainer) awaiting actions of the Adult Parole Authority. Being that the State of Ohio has failed to take actions, thus, deprived the petitioner of his due process rights, any and or all prosecutions sought should be voidable and void.

With these premises considerd, Horace Bush should be released as a matter of law, Constitutional and State law.

Despite of the facts prevously stated, this Honorable Court must be aware of the fact that a hearing was held by the Alabama Board Of Pardons And Parole in regards of whether Bush's Parole should be terminated for the alleged technical violations committed in the State of Ohio. It is the petitioner's contentions that Alabama had committed error in holding his revocation hearing on the matters herein discussed, in that Alabama did not/ does not retain juris-diction, subject matter or otherwise, to dispose of the warrant accusing him of committing violations in the State of Ohio. Doing so would non-the-less deprive Bush of his instrinsic rights to confront his accusser and present witnesses in his defense,in that, such witnesses and accuser resides in the State of Ohio.

(10)

It is also the petitioner's contentions that if this Honorable Court assumes that Alabama was correct in doing so, then this Honorable Court should consider the fact that the petitioner, Horace Bush, has already been sanctioned for the allegations contained in the warrant currently pending out of the State of Ohio for the same violation in which his parole in Alabama was terminated. Thus, to relitigate such factswould subject Bush to further punishments,raising double jeopardy concerns.

The petitioner's parole reconsideration date in the State of Alabama is set for the month of June, 2006, regarding the accusations in the parole officer's report (Adult Parole Authority) wherein his parole is due to be re-instated here in Alabama.

It is Bush's contention that should his parole be re-instated by Alabama Board Of Pardons And Parole, this Re-instatement should void any further proceedings regarding the accusations in which commenced these initial proceedings by the State of Ohio.

**Wherefore,** Bush prays that this Honorable Court consider the facts stated in his habeas petition and grant him any/all relief in which he may be entitled. **Alternately,** the petitioner request that he be extradited back to the demanding State of Ohio wherein these matters could be properly disposed of.

**RESPECTFULLY SUBMITTED**

**(11)**

## CERTIFICATE OF SERVICE

I, Horace Bush, swear, verify or states that the foregoing is true and correct and a copy of the same has been respectfully submitted to the respondants or respondant's attorney by placing in the United States Mail Postal/prepaid to the address provided.

**OFFICE OF THE ATTORNEY GENERAL**
**11 SOUTH UNION STREET**
**MONTGOMERY, ALABAMA 36130**

Done this_____day of_____,20___.


## NOTARY

SWORN to and SUBSCRIBED before me this _5th_ day of _May_
20_06_.


_____
petitioner

_____
**NOTARY**
Elmore, Al.

(END)