IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HORACE BUSH, #138454, <br> a.k.a., JESSIE WILLIAMS <br><br> Petitioner, <br><br> v. <br><br> LEON FORNISS, et al., <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:06-CV-428-MHT <br> ) [WO] <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Horace Bush ["Bush"]. The respondents filed an answer in which they assert that the instant habeas petition should be dismissed because Bush has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, the respondents maintain that Bush may present his claims challenging the revocation of his parole in a petition for writ of certiorari with the Circuit Court of Montgomery County, Alabama. *Respondents' Answer* at 1-2; *Sellers v. State*, 586 So.2d 994, 995 (Ala.Cr.App.1991) ("[T]here being no statutory right to appeal or other adequate remedy at law for reviewing the actions of the [Alabama Board of Pardons and Paroles] in reference to the granting, denying, or revocation of paroles, certiorari is the appropriate remedy for review of such actions.").

Upon review of the respondents' answer, the court entered an order affording Bush an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies. *See Order of July 14, 2006 - Court Doc. No. 13*. The petitioner has filed nothing in response to this order.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). "[Bush] . . . is in custody pursuant to his original state conviction and sentence, despite the fact that his current incarceration resulted from an administrative proceeding of an executive branch agency instead of a court." *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004). It is clear from the pleadings filed in this case that Bush has not yet exhausted his available state court remedies with respect to the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Bush's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of any state court collateral proceeding Bush may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that on or before November 16, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of November, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE